**NORA B. AMRITT**

v.

**PARAGON HOMES, INC. and CALEB E. ROMERO PARAGON HOMES, INC., Appellant**

D.C. Civil Action No. 188-1968

United States Court of Appeals

Third Circuit

Submitted under Third Circuit Rule 12(6)

February 2, 1973

Filed March 6, 1973

HOWARD K. GIBBS, ESQ. (CORNEIRO, GIBBS & SELKE), St. Thomas, V.I., *counsel for appellant*

IRWIN J. SILVERLIGHT, ESQ. (NICHOLS & SILVERLIGHT), Christiansted, St. Croix, V.I., *counsel for appellee*

Before VAN DUSEN, ROSENN, and HUNTER, *Circuit Judges*

## OPINION OF THE COURT

ROSENN, *Circuit Judge*

Paragon Homes, Inc., appeals from the judgment of the District Court for the District of the Virgin Islands in the sum of $18,770 in favor of Nora B. Amritt. The judgment was awarded because of the faulty construction of a home built for her with materials supplied by, in part fi-

nanced by, and erected by a contractor with apparent authority to act as agent for, appellant Paragon.

The judgment amount represented an award of $1,000 attorneys fees, $900 for materials which Paragon had promised but never shipped, and $16,870, the approximate cost of the home. Paragon's appeal challenges its liability for the $16,870. The district court, sitting without a jury, found that the house was unsuited for human habitation, and, because the cost of necessary repairs exceeded the value of the house, awarded Amritt the cost of the house.

The district court found that the unfit condition of the home was due to the failure of the contractor, Caleb E. Romero, to compact the soil under the house before pouring concrete for the foundation. Romero was found jointly and severally liable with Paragon for his negligence. Paragon's liability was based on a finding that Romero had apparent authority to act as Paragon's agent.

Paragon contends the district court judgment should be reversed because there was insufficient evidence to support its findings that (1) Paragon's local representative Ray Sewer was its agent; (2) the contractor Romero was Paragon's agent; and (3) Amritt's home was unfit for habitation. We find sufficient evidence in the record for all three findings and affirm the judgment.

■ The record discloses that Amritt arranged through Ray Sewer, a distributor for Paragon, to purchase materials, plans and drawings for a pre-fabricated home. Sewer represented himself to Amritt as Paragon's agent and informed her that Paragon would not be responsible for the construction of the home unless she used the local contractor Romero. The construction agreement between Amritt and Romero was made on a form supplied by Paragon and filled in by Sewer. Amritt borrowed money from, and gave a mortgage to, Paragon for the construction costs. The mortgage specified that the home was to be

built according to Paragon's plans. All materials were shipped by Paragon to Amritt through Sewer. Payments to Romero were made by Amritt by depositing funds in escrow with Paragon. Paragon demanded a completion certificate signed by Amritt before disbursing any funds. Sewer also inspected the construction work for Paragon.

After hearing the foregoing facts, the district court determined that both Sewer and Romero were Paragon's agents. Although Paragon argued that Sewer was an independent distributor of its products and that Romero was an independent contractor, the court found both had all the outward trappings of apparent authority to be Paragon's agents. Amritt was, therefore, reasonably led to believe they were Paragon agents.

■ The Virgin Islands have adopted the Restatement, Agency 2d (1958), in 1 V.I.C. § 4. The Restatement 2d § 27 states:

> . . . apparent authority to do an act is created as to a third person by written or spoken words or any other conduct of the principal which, reasonably interpreted, causes the third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him.

Liability of a principal for the negligent acts of agents whom he has endowed with apparent authority to act for him is provided by Restatement 2d §§ 265, 267. Paragon's entire conduct—supplying all materials and forms through Sewer, requiring that the house be inspected by Sewer and built according to its plans, disbursing all construction payments—could reasonably have led Amritt to believe that by its conduct Paragon had authorized both Sewer and Romero to act as its agents. Any inter se arrangements between Paragon and Sewer or between Paragon and Romero establishing a relationship other than that of principal and agent is unimportant in determining the existence of apparent authority. The crucial question is

what representations were made to the third party, Amritt. The agreement between Amritt and Paragon for purchase of materials stated it was not an agreement for construction, but such printed representations by Paragon were in marked contrast with its overall conduct. It was for the trial judge to determine what would have been reasonable for Amritt to believe under the circumstances. We find no error in his conclusion that Paragon had endowed both Sewer and Paragon with apparent authority to act in its behalf.

There was substantial evidence in the record that the home constructed for Amritt was unfit for habitation. We do not find the district court clearly erroneous in so finding. Fed. Rule of Civ. Pro. 52(a).

The judgment of the district court will be affirmed.